Jiaxing Huang
1195 W Mckinley Ave
Sunnyvale, CA 94086
Telephone: (608) 320-7335
Email: jiaxing.huang2010@gmail.com
Pro Se Plaintiff

FILED
SEP 06 2024
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAXING HUANG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.:<br><br>C 24 06298 SVK<br><br>COMPLAINT FOR REFUND OF<br>FEDERAL PENALTY PAID |

Pro Se Plaintiff, JIAXING HUANG, for her Complaint against Defendant, the United States of America, alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff is an individual who received a foreign bequest exceeding $100,000. Plaintiff relied on TurboTax, a well-known tax preparation software, for federal filing guidance for the 2015 and 2016 tax years. TurboTax did not alert Plaintiff to the requirement to file Form 3520 for these foreign bequests. Plaintiff was unaware of any federal filing requirements for

1

foreign bequests at the time of receipt and when filing tax returns for 2015 and 2016. It was only after the filing deadlines that Plaintiff became aware of the need to file Form 3520. Upon realizing this, Plaintiff promptly filed the necessary Forms 3520 for 2015 and 2016. When the IRS received these forms, it automatically assessed penalties under Section 6039F, amounting to $62,496.25 for 2015 and $28,742.50 for 2016, totaling $91,270.07 with interest.

2. For the tax returns of 2019 and 2022, the IRS withheld refunds of $280.00 and $7,859.00 from Plaintiff to apply towards the penalty.

3. In 2023, the IRS made significant errors in processing the penalty, causing it to increase to $153,738.75, and a total of $187,620.68 with interest. This increase was arbitrary and more than doubled the original penalty amount without reason.

4. Plaintiff hired a tax attorney to appeal to the IRS Appeals Division on November 12, 2019. On August 4, 2023, the Appeals Division issued an Appeals Transmittal, abating $117,243.25 of the $153,738.75 total penalty assessed, noting: "Case resolution based on 'Hazards of Litigation'." The remaining $36,495.50 in penalties was sustained.

5. Plaintiff paid the post-abatement assessments in full with interest on February 13, 2024.

6. Plaintiff then filed separate Form 843 Claims for Refund and Request for Abatement for the 2015 and 2016 tax years on March 4, 2024, satisfying the jurisdictional prerequisite of 26 U.S.C. § 7422(a).

7. Plaintiff's Claims for Refund provided the IRS with adequate notice that Plaintiff sought a refund of $35,573.43 in taxes, interest, and penalties paid for the 2015 and 2016 tax years. More than six months have passed since the filing of these claims.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §1346(a).

9. Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. §1391(e)(1) because a substantial part of the events giving rise to the claim against the United States occurred in this district, and because Plaintiff resides in this district.

## PARTIES

10. Plaintiff, Jiaxing Huang, is an individual residing in Santa Clara County of the State of California.

11. Defendant, the United States of America, is the federal government formed under the Constitution of the United States of America with its capital in Washington, D.C.

## GENERAL ALLEGATIONS

**Reasonable Cause Exception to Section 6039F**

12. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

13. According to Section 6039F(c)(2) of the Internal Revenue Code, no penalty will be applied if the failure to comply with the information requirements is due to "reasonable cause and not willful neglect."

14. Plaintiff used TurboTax for federal tax filings for the 2015 and 2016 calendar years and provided all relevant information. TurboTax did not notify Plaintiff of the need to file Form 3520 for foreign gifts received during those years.

15. As of today, TurboTax's website states, "If you received the money, no matter how much or how little, you don't report anything," reinforcing Plaintiff's reliance on its guidance.

16. Successful cases like *Olsen v. Commissioner* and *Thompson v. Commissioner* have considered the use of TurboTax as a factor in evaluating reasonable cause.

17. Relying on tax guidance from software like TurboTax, which employs tax professionals, is akin to relying on professional tax advice under Regulation section 1.6664-4(b)(1).

18. The Supreme Court's ruling in *United States v. Boyle* supports the reasonableness of relying on tax professionals, which can extend to tax software.

19. Plaintiff made a diligent effort to comply by using TurboTax, which did not provide adequate guidance.

20. Taxpayers often depend on professional help to understand complex tax codes.

21. If Plaintiff could not justifiably rely on TurboTax, expecting her to independently comply with tax requirements is unreasonable.

4

22. Given Plaintiff's reasonable reliance on TurboTax, the Section 6039F penalties for 2015 and 2016 should not be upheld.

23. Plaintiff took corrective measures upon learning of the requirement to file Forms 3520.

24. Since Plaintiff's reliance on TurboTax was reasonable, the penalties under Section 6039F should be abated, and Plaintiff should receive a refund for the penalties assessed for 2015 and 2016.

**The IRS Acted Arbitrarily and Capriciously in Assessing the Penalty**

25. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein

26. According to 5 U.S.C. Section 706 of the Administrative Procedure Act (APA), courts can overturn agency actions that are arbitrary, capricious, an abuse of discretion, or not in accordance with the law.

27. The IRS's decision to impose the Section 6039F(c) penalty does not reasonably connect the facts they found to the penalty assessed.

28. Instead of conducting a thorough evaluation, the IRS applied the Section 6039F(c) penalty to Plaintiff in a cursory manner, ignoring the reasonable cause provided.

29. Additionally, the IRS made significant errors in processing the penalty, leading to an unjustified increase from $91,270.07 to $153,738.75, and a total of $187,620.68 including interest. This arbitrary increase highlights the IRS's capricious assessment.

30. By imposing the Section 6039F(c) penalty in this manner, the IRS acted arbitrarily, capriciously, and abused its discretion.

## The IRS Overstepped Its Bounds in Charging and Collecting This Penalty

31.   Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

32.   Section 6671(a) of the Internal Revenue Code says that the Secretary of the Treasury should handle certain penalties just like taxes. These penalties are mainly from Chapter 68B, and the IRS can charge and collect them right away, without needing extra procedures.

33.   For people in the U.S. who receive big gifts or inheritances from abroad, Section 6039F of the Internal Revenue Code requires them to fill out Form 3520. If someone doesn't file this form on time, there's a penalty mentioned in Section 6039F(c).

34.   But Section 6039F is found in Chapter 61, not Chapter 68 of the Internal Revenue Code. The penalty in 6039F(c) doesn't say that it should be collected like a tax or other penalties mentioned in Chapter 68. Also, Section 6039F doesn't refer to any other part of Chapter 68 for this penalty. And there's no part in Chapter 68 (like Sections 6651-6751) that talks about penalties for not following Section 6039F.

35.   Because of this, the penalty in Section 6039F(c) for not filing Form 3520 on time isn't an "assessable penalty" as per the Internal Revenue Code, especially not one listed in Chapter 68B.

36.   Since the penalty in 6039F(c) isn't considered assessable, the authority given to the Secretary of the Treasury under Section 6201(a) to handle all taxes doesn't apply to the Section 6039F(c) penalty.

37. The IRS works on behalf of the Secretary of the Treasury under Sections 6201 and 6671. So, the IRS doesn't have the legal right to charge and collect the Section 6039F(c) penalty for Plaintiff not filing Form 3520 on time for 2015 and 2016.

38. In short, the IRS went beyond what it's allowed to do by charging and collecting the Section 6039F(c) penalty against the Plaintiff.

### The IRS Went Beyond Its Power to File Liens and Levies

39. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

40. Section 6321 of the Internal Revenue Code says a federal tax lien happens only when someone who owes tax doesn't pay it after being asked to. Similarly, Section 6331(a) allows the IRS to seize assets from anyone who doesn't pay their tax within 10 days after getting a notice and demand.

41. The penalty for not filing Form 3520 on time, which is mentioned in Section 6039F(c), is neither a tax nor an assessable penalty according to the Internal Revenue Code. Because of this, the IRS and the Secretary of the Treasury don't have the authority under Section 6201(a) to file tax liens or seize assets to collect this penalty.

42. By charging and collecting the Section 6039F(c) penalty against the Plaintiff, the IRS has gone beyond what it's allowed to do.

43. Since the IRS went beyond its legal limits in charging the Section 6039F(c) penalty for 2015 and 2016, Plaintiff is entitled to get a refund of the entire penalty amount.

## The IRS Didn't Follow Section 6751(b)(1)

44. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

45. According to Section 6751(b) of the Internal Revenue Code, the IRS can't assess certain penalties, including those under Section 6039F, unless the initial determination is personally approved in writing by the immediate supervisor of the person making the determination, or a higher designated official.

46. Plaintiff asked the IRS for information about her tax records for 2015 and 2016.

47. The IRS response did not include the name of the manager or immediate supervisor who approved the Section 6039F(c) penalty for Plaintiff's 2015 and 2016 tax years.

48. Additionally, the response didn't clarify whether the necessary supervisory approval was obtained as required by Section 6751(b), nor did it specify if the approval came from the immediate supervisor of the person making the determination.

49. Thus, the IRS didn't follow the supervisory approval requirement of Section 6751(b)(1) when it assessed the Section 6039F penalty against the Plaintiff.

50. Because the IRS didn't comply with Section 6751(b)(1), Plaintiff should get a refund of the entire Section 6039F penalty for the 2015 and 2016 tax years.

### Request for Refund

51. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

52. According to Section 6402 of the Internal Revenue Code, the IRS can refund any overpayment of federal taxes to the person who made the payment. Section 7422 says you can't take legal action to recover any tax or penalty you believe was wrongly collected until you've filed a claim for a refund. Section 6532(a) states that you can't start a lawsuit to recover any tax, penalty, or other sum until six months after filing a claim for a refund, unless the IRS denies the claim before that time.

53. Plaintiff filed Form 843, "Claim for Refund and Request for Abatement," for the 2015 and 2016 tax years on March 4, 2024.

54. Plaintiff's refund claim informed the IRS that Plaintiff wanted a refund of $35,573.43 for taxes, interest, and penalties paid for the 2015 and 2016 tax years.

55. It's been more than six months since Plaintiff filed her refund claim.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. A refund of $35,573.43 for the penalties unlawfully collected by Defendant for the 2015 and 2016 tax years.

B. A refund of the withheld tax refunds of $280 for the 2019 tax year and $7,859.00 for the 2022 tax year, which were applied against the penalties that were improperly assessed by the IRS.

C. An award of attorney fees, costs, and other expenses incurred by Plaintiff in filing the Appeal within the IRS, to the extent permitted by law.

D. Any further relief that the Court deems just and appropriate.

Date: September 5, 2024

Respectfully Submitted,

Jiaxing Huang
1195 W Mckinley Ave
Sunnyvale, CA 94086
Telephone: (608) 320-7335
Email: jiaxing.huang2010@gmail.com

Pro Se Plaintiff